SLIP OPINION

Cite as 2016 Ark. App. 139

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–15–742

| | |
|---|---|
| | Opinion Delivered March 2, 2016 |
| CALVIN W. GRAHAM AND VELORES M. GRAHAM, HUSBAND AND WIFE, AND VELORES M. GRAHAM, TRUSTEE OF THE VELORES M. GRAHAM REVOCABLE TRUST<br>APPELLANTS | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT [NO. 71CV-14-80] |
| V. | |
| WANDA TOMLINSON, INDIVIDUALLY AND AS TRUSTEE OF THE TOMLINSON LIVING TRUST; GLADA EOFF; AND BEULAH LAND FAMILY, LLC<br>APPELLEES | HONORABLE MIKE MURPHY, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Judge

Calvin and Velores Graham, as husband and wife, and Velores Graham, as trustee of the Velores M. Graham Revocable Trust (collectively "the Grahams") appeal the order granting summary judgment in favor of Wanda Tomlinson, individually and as trustee of the Tomlinson Living Trust, Glada Eoff, and Beulah Land Family, LLC (collectively "Tomlinson"). The Grahams argue that the circuit court erred in finding that their petition to quiet title was barred by res judicata. We affirm.

SLIP OPINION

On 22 July 2014, the Grahams filed a petition to quiet title in a parcel of land located in Van Buren County. In the petition, the Grahams asserted that before they bought the property, a 1968 quiet-title decree established ownership of the property in the name of Arthur M. Wade, their predecessor in title. The property was later purchased by the Grahams at public auction in 1992, and they had paid taxes on the property and had been in actual, open, notorious, hostile, and continuous possession of the property for more than twenty years. Tomlinson answered and asserted that the current owner of the property was Beulah Land Family, LLC. Tomlinson also contended that this matter had been litigated in a previous case, *Graham, et al. v. Tomlinson, et al.*, CV–2011–202, and that the present action was barred by res judicata.

In January 2015, Tomlinson moved for summary judgment based on res judicata. In support, Tomlinson cited a December 2012 order from the Van Buren County Circuit Court that granted declaratory judgment in favor of the Grahams. In 1999, a quiet-title decree was entered in favor of Tomlinson; however, the 2012 order held a portion of the 1999 decree void, specifically as to the parcel of land in question in the present case, because the Grahams were never given notice of the quiet-title proceeding. Although the Grahams had also requested a quiet-title decree in their favor, the 2012 order held that "any outstanding petitions or motions are hereby denied," effectively denying the Grahams' request for a quiet-title decree. The Grahams asked the circuit court to modify the 2012 order to include a quiet-title decree, but the circuit court declined to do so, finding that "[the Grahams] have failed to allege a claim for quiet title and have failed to comply with the statutory requirements for such a claim."

In her summary-judgment motion, Tomlinson asserted that because this issue was litigated previously, culminating in the 2012 order that was not appealed, the Grahams were now barred from bringing the current quiet-title action. In response, the Grahams denied that res judicata applied and countered that they were entitled to summary judgment because Tomlinson had failed to file any claim of ownership, had failed to pay any ad valorem tax, and had not been in possession of the property.

At a hearing held in June 2015, Tomlinson again argued that the case had been tried, that the Grahams had pled adverse possession or quiet title in the first litigation, and that res judicata applied. The Grahams countered that there had not been a ruling on their request to quiet title in 2012 because the circuit court had found that they had "failed to allege a claim for quiet title." So, they argued, there was no basis for res judicata.

On 25 June 2015, the circuit court entered an order granting Tomlinson's motion for summary judgment and denying the Grahams' motion for summary judgment.[1] In that order, the court found that the Grahams' petition was barred by res judicata; in the alternative, the court stated another reason that dismissal of the Grahams' petition was appropriate:

---

[1] The caption on this order lists Beulah Land Family, LLC, as the only defendant, and a footnote in the circuit court's order explains that "Separate Defendants Wanda Tomlinson, The Tomlinson [sic] and Glada Eoff were dismissed from this action and their names ordered removed from the style of the case by Order filed April 23, 2012." This is clearly an error; this case was not filed until 2014, and any order filed in 2012 was part of the previous litigation, not this case. Wanda Tomlinson, individually and as trustee of the Tomlinson Living Trust, Glada Eoff, and Beulah Land Family, LLC were all defendants below, and that is why they are listed as appellees in this appeal.

SLIP OPINION

> Because there was no compulsory counterclaim brought by Defendants in 71CV-11-202 to quiet title against Petitioners, and because the decree in 71-E-97-333 [the 1999 order] is void as to the subject property, the parties' status as to any rights or claims as to the subject property is no different than they existed in 1968.

The Grahams have appealed this order.

Summary judgment should be granted only when there is no issue of material fact left to be determined and the moving party is entitled to judgment as a matter of law. *Harvest Rice, Inc. v. Fritz and Mertice Lehman Elevator and Dryer, Inc.*, 365 Ark. 573, 231 S.W.3d 720 (2006). If the parties agree on the facts, such as when there are cross-motions for summary judgment on agreed facts, then we simply determine whether the appellee was entitled to judgment as a matter of law. *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. In reviewing questions of law, appellate review is de novo. *Id.*, 412 S.W.3d 844.

On appeal, the Grahams argue that res judicata does not apply because the 2012 order did not affect their title. The Grahams also suggest that the 2012 order was not final, in part based on the circuit court's finding that they failed to comply with the statutory requirements for a quiet-title claim, therefore the 2012 order cannot trigger the doctrine of res judicata. In response, Tomlinson generally reasserts that the 2012 order denied the Grahams' request for quiet title and that res judicata applies based on that order.

We need not reach the merits of the res judicata argument, however, because there is an alternative basis for affirming the circuit court's order. The circuit court found that the Grahams, or their predecessors in title, had a consistent record of ownership of the property dating back to at least 1968, when title was quieted in Arthur M. Wade, the

Grahams' predecessor in title. In the circuit court's view, the Grahams already owned the property at issue, so it saw no need to grant a petition to quiet title. We agree that the record before us indicates that the Grahams have clear title to the property. We therefore affirm the circuit court's order.

Affirmed.

ABRAMSON and GLOVER, JJ., agree.

*Tester Law Firm*, by: *Kent Tester*, for appellants.

*Morgan Law Firm, P.A.*, by: *M. Edward Morgan*, for appellee Beulah Land Family, LLC.